## IN RE: JONATHAN SABLONE
### BBO # 632998
### NO. BD-2022-035
### Order (Term Suspension) entered by Justice Lowy on May 4, 2022, with an Effective Date of June 3, 2022.[1]

*For intentionally obtaining money to which he was not entitled, the respondent was suspended for a year-and-a-day.*

### SUMMARY[2]

The respondent admitted the factual allegations and disciplinary rule violations charged in the Petition for Discipline. The respondent was a partner in the litigation department of a large national law firm. He organized a CLE conference in April 2019. He worked with the sponsor to prepare for the conference and he arranged for and paid, out of his personal funds, $1,952.85 for wine for the reception. After the conference, the respondent submitted documentation to, and sought reimbursement from, both the conference sponsor and his law firm. Both reimbursed him in full. When the law firm discovered what the respondent had done, it filed a complaint with Bar Counsel. The respondent immediately reimbursed his firm the full amount.

The respondent's misconduct violated Mass. R. Prof. C. 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(h) (conduct adversely reflecting on fitness to practice law).

The parties filed a stipulation as to the misconduct and rule violations and jointly recommended to the Board a year-and-a-day suspension. By vote dated April 11, 2022, the Board of Bar Overseers recommended to the S.J.C. that it accept the parties' stipulation to a year-and-a-day suspension.

On May 4, 2022, Justice Lowy imposed a year-and-a-day suspension.

---

[1] The complete order of the Court is available by contacting the Clerk of the Supreme Judicial Court for Suffolk County.

[2] Compiled by the Massachusetts Board of Bar Overseers' Office of General Counsel based on the record filed with the Supreme Judicial Court.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                           SUPREME JUDICIAL COURT
                                      FOR SUFFOLK COUNTY
                                      NO: BD-2022-035


IN RE: Jonathan Sablone


<u>ORDER OF TERM SUSPENSION</u>

This matter came before the Court, Lowy, J., on an
Information and Record pursuant to S.J.C. Rule 4:01, § 8(6),
with the Recommendation and Vote of the Board of Bar Overseers
(Board) and the stipulation of the parties filed by the Board on
April 27, 2022. Upon consideration thereof, it is ORDERED that:

1. Jonathan Sablone is hereby suspended from the practice
of law in the Commonwealth of Massachusetts for a period of one
(1) year and one (1) day. In accordance with S.J.C. Rule 4:01,
§ 17(3), the suspension shall be effective thirty (30) days after
the date of the entry of this Order. The lawyer, after the
entry of this Order, shall not accept any new retainer or engage
as a lawyer for another in any new case or legal matter of any
nature. During the period between the entry date of this Order
and its effective date, however, the lawyer may wind up and
complete, on behalf of any client, all matters which were

pending on the entry date.

It is FURTHER ORDERED that:

2.   Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

a)   file a notice of withdrawal as of the effective date of the suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b)   resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c)   provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been suspended; that he is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or

beneficiary should act promptly to substitute another
lawyer or fiduciary or to seek legal advice elsewhere,
calling attention to any urgency arising from the
circumstances of the case;

d)   provide notice to counsel for all parties (or, in
the absence of counsel, the parties) in pending matters
that the lawyer has been suspended and, as a consequence,
is disqualified from acting as a lawyer after the effective
date of the suspension;

e)   make available to all clients being represented
in pending matters any papers or other property to which
they are entitled, calling attention to any urgency for
obtaining the papers or other property;

f)   refund any part of any fees paid in advance that
have not been earned; and

g)   close every IOLTA, client, trust or other
fiduciary account and properly disburse or otherwise
transfer all client and fiduciary funds in his possession,
custody or control.

All notices required by this paragraph shall be served by
certified mail, return receipt requested, in a form approved by
the Board.

3.   Within twenty-one (21) days after the date of entry of
this Order, the lawyer shall file with the Office of the Bar

Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a)  a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b)  a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

d)  such proof of the proper distribution of such funds and the closing of such accounts as has been

requested by the bar counsel, including copies of checks and other instruments;

e)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

f)  the residence or other street address where communications to the lawyer may thereafter be directed; and

g)  any and all bar registration cards issued to the lawyer by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4.  Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a)  a copy of the affidavit of compliance required by paragraph 3 of this Order;

b)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c)  the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Lowy, J.)

/s/ Maura S. Doyle

Maura S. Doyle, Clerk

Entered: May 4, 2022